29 C.C.P.A.(Patents)

## In re GUTHANS.

### Patent Appeal No. 4558.

Court of Customs and Patent Appeals.
Feb. 24, 1942.

John E. Jackson, of Pittsburgh, Pa. (E. W. Shepard, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner disallowing certain claims embraced in appellant's application for patent relating, according to the statement in the specification, "to improvements in lubricating apparatus for the propeller shaft of watercraft and stern bearings thereof."

Five claims, numbered 1 to 5, inclusive, were involved in the appeal to the board and in the appeal to us, but at the oral hearing before us counsel for appellant moved to dismiss the appeal as to claim No. 5, which motion will be allowed. Of the remaining claims, numbered, respectively, 1 to 4, inclusive, claim No. 1 reads: "1. A lubricating apparatus for a shaft and its bearing comprising a yieldingly positioned gland engaging a packing carried in a recess in the bearing, lubricant extruding means connected by a duct with the bearing and driving means for said extruding means driven by the shaft so as to constantly force the lubricant at a substantially constant pressure to the interior of the bearing along said shaft against the action of the yieldingly pressed gland."

In the brief for appellant it is said:

"Claim 2 is of similar scope to claim 1, but specifically mentions a spring-pressed gland and the piston and cylinder for forcing the lubricant through the duct leading to the bearing.

"Claims 3 and 4 define the combination in more specific terms, bringing in the fluid supply tank and the relief valve and the connection from the supply tank to the intake side of the pump. These detailed features are apparent from consideration of the specification and drawings, and are intended to set forth, with that degree of particularity required by the statutes, the exact elements which in practice have been found to produce excellent results."

The examiner describes the invention in the following manner:

"This device covers a means for lubricating and sealing a bearing for propeller

shafts of watercraft and stern bearings and contemplates means for forcing lubricant to the outboard bearing under pressure along the propeller shaft and against a force exerted on a packing by a spring-pressed gland. The arrangement is such that sand, grit, and water are kept out of the bearing and wear on the packing is automatically compensated for.

"The pressure on the lubricant to force same to the bearing is brought about through a pump operated from the propeller shaft. This forces a liquid into a cylinder thereby driving a piston against a quantity of lubricant in said cylinder, which escapes through a conduit to the bearing and packing."

We quote from the brief filed before us by the Solicitor for the Patent Office (omitting the numerals which identify the parts shown in the drawings) the following: "The main features of this device, as they appear in the claims here involved, may be summarized as follows: a gland engages a packing, carried in a recess of the bearing of the shaft, the gland being pressed by a spring. There is a lubricant cylinder, within which is a piston which extrudes lubricant through the duct to lubricate the bearing. The shaft drives a pump."

The examiner rejected the claims now before us, first, upon the ground of old and exhausted combination and, second, as not being patentable over prior art. The first ground was overruled by the board, but the second ground was approved. The references cited by the examiner and in the decision of the board are:

Scott, 53,190, March 13, 1866;
Davis, 724,086, March 31, 1903;
Bennett, 1,097,074, May 19, 1914;
Hodgkinson, 1,323,474, December 2, 1919;
Scoville, 1,696,737, December 25, 1928;
More et al., 1,997,069, April 9, 1935.

The examiner's analysis of the references was made in connection with his rejection upon the ground of old combination, which ground the board overruled but without questioning the correctness of the examiner's analysis. The board's statement concerning the prior art is as follows: "The prior art discussed by the examiner discloses a lubricant pump operated from a shaft which discharges a lubricant against a packing member surrounding the shaft (see Hodgkinson). It also shows a gland in a packing member which is spring pressed into position. We fail to find patentability in arranging such gland structure so that the pressure of the lubricant from the pump is exerted against the action of the spring acting upon the gland. Bennett describes a submerged shaft having a packing gland held tight against a ring by combined spring and lubricant pressure and to use the lubricant pressure to oppose the spring does not appeal to us as patentable. The patentee describes using light lubricant pressure under normal conditions."

Appellant's brief contains an analysis of the references, as does the brief filed by the Solicitor for the Patent Office. These need not be repeated in detail, but such parts of them as are pertinent will be alluded to hereinafter.

It is contended by appellant that there is no reference which discloses the combination that he has perfected and that "without invention one cannot piece together the isolated portions of the teachings taken from six prior patents and arrive at a device capable of producing the result which practice has demonstrated the device of appellant's invention in reality produces."

The brief for appellant also states: "Appellant contends that the decision of the Board of Appeals is inconsistent in holding that although the Examiner was unjustified in rejecting the claims on the basis of exhausted combination, no invention was involved particularly in the absence of any patent fairly disclosing the claimed combination."

It appears that the instant application is a division of another application which matured into a patent. Neither the original application nor the patent appears in the record, but it is stated in appellant's brief that the gland per se, mentioned in all the claims before us, and its mounting and related structure, is covered by the patent. Appellant's claims here, of course, are for the combination of which the gland is an element.

It is not contended that any one of the references anticipates the appealed claims, the ground of rejection being, as expressed in the brief filed by the Solicitor for the Patent Office, "not anticipation but lack of patentable invention over what is shown by the references."

In both the brief and oral argument before us appellant has greatly stressed the

presence in his combination of the spring-pressed gland in an arrangement which extrudes lubricant against the action of such gland, it being said: "No reference of record shows a spring pressed gland in combination with means actuated by the lubricated shaft for extruding lubricant against the spring action of such gland. In the absence of such reference, it is submitted that the rejection must fall."

The feature so referred to, it may be said, is specifically set out only in claim 1. The other claims before us do not mention it. We understand the result obtained by the arrangement described is that the lubricant passes through the packing gland in a direction contrary to the direction of the water pressure whereby, as stated in appellant's brief, the packing is "purged of sand, grit and other foreign matter * * *."

The brief filed by the Solicitor for the Patent Office points out that the patent to Davis (which relates to a submerged gudgeon bearing) discloses a construction whereby sand, grit, or other foreign substances are excluded from the surfaces of the journal box and the gudgeon; that the patent to Hodgkinson (which relates to a stern tube for ships) discloses a propeller shaft mounted in bearings with an annular space supplied with lubricant from a supply tank by means of a pump which is operated from the shaft to be lubricated, the specification reciting that the pump "may be so connected that it may be operated directly from the propeller shaft or it may be separately operated or be capable of separate operation, if desired"; and that the patent to Bennett (which relates to a packing designed to obviate undue wear of the packing and to permit efficient lubrication of the bearing and at the same time to prevent water from without entering into the bearing) discloses a packing guard and packing rings pressed by springs, together with a pipe adapted to be connected with a suitable source of fluid supply which may be lubricating fluid.

Appellant does not question the presence in the respective references of the elements, or features, so described, nor is it questioned that such features function in the manner indicated by their description. On the other hand, the tribunals of the Patent Office did not find that the prior art disclosed a combination which embraced a spring-pressed gland, such as appellant's, or an equivalent thereof, in an arrangement such as that shown by appellant.

It was pointed out by the examiner, however, that the patent to Bennett and also that to More et al. (which relates to a pump) discloses a spring as part of the sealing means used for preventing the entrance of water into a bearing, the spring being so arranged that it performs the sealing function.

Appellant's spring-pressed gland, as has been stated, is new, and was found per se patentable over prior art, but we are unable to discern wherein the placing of such spring-pressed gland in an arrangement such as that defined in claim No. 1 could render the combination created thereby patentable.

By way of argument the brief filed by the Solicitor for the Patent Office states:

"It is to be noted that with the longitudinal shaft there are only two directions and the water acts in one direction with the lubricant pressure in the opposite direction. It must be obvious if there is a spring-pressed gland on such a shaft the pressure of the spring must act either with the water or with the lubricant.

"While appellant in his brief at page 8 refers to an extract from his specification as indicating a peculiar cooperation between the particular direction of spring pressure stated in claim 1, nevertheless, analysis of the portion of the specification quoted at pages 8 and 9 of appellant's brief appears to indicate only one function for the spring pressure—namely, to constantly compensate for the wear taking place on the packing. This function obviously occurs in those of the references which show spring-pressed packings, regardless of whether the pressure is in the direction of the water or in the direction of the lubricant.

"Furthermore, as to the function mentioned in the specification for forcing the lubricant against the water pressure, the identical function is indicated in the references, namely to avoid the entry of grit into the bearing."

During the prosecution of the application in the Patent Office, appellant introduced evidence respecting the commercial success of his device.

■ It is the rule that in cases where doubt as to patentability exists, commercial success, when duly proven, may be given some persuasive force. In re Charles H. Peddrick, Jr., and Philip Wager Lewis, 48 F.2d 415, 18 C.C.P.A., Patents, 1161. This

rule does not apply, however, where the question of patentability is not in doubt. In re Alfred L. Phelps and Arthur J. Carter, 47 F.2d 387, 18 C.C.P.A., Patents, 1036.

As we view the situation here, the element of doubt is not present.

As has been stated above, claim No. 1 is the only claim in which the feature actively stressed by appellant is definitely expressed, and upon the record presented there is no necessity for discussing the other claims.

In conformity with the motion of appellant made at the oral presentation of the case before us, the appeal is dismissed as to claim No. 5, and being satisfied that the board reached the correct conclusion as to claims Nos. 1, 2, 3, and 4, its decision rejecting them is affirmed.

Affirmed.